## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
|       ) | |
|      Plaintiff,       ) | |
|       ) | **CRIMINAL ACTION** |
| v.       ) | |
|       ) | **No. 08-20106-01-KHV** |
| CARLOS GUADALUPE BELTRAN-AGUILAR,       ) | |
|       ) | |
|      Defendant.       ) | |

## MEMORANDUM AND ORDER

On December 2, 2009, the Court sentenced defendant to 360 months in prison. On February 9, 2015, under 18 U.S.C. § 3582(c)(1)(A), the Court reduced defendant's sentence to 292 months in prison. This matter is before the Court on defendant's pro se Motion For Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release Or Sentence Reduction) (Doc. #255), his Motion For An Order Directing The Government To Procure/Produce Petitioner's Post-Rehabilitation Documents (Doc. #256) and his Motion For An Order Directing The Government To Procure/Produce Petitioner's Medical Records And Additional Medical Information (Doc. #257), all filed July 14, 2023. For reasons stated below, the Court overrules defendant's motions.[1]

---

[1]  Defendant asks the Court to appoint counsel to assist him with his compassionate release motion. On August 17, 2023, pursuant to District of Kansas Standing Order No. 20-8, the Office of the Federal Public Defender notified the Court that it does not intend to enter an appearance to represent defendant. Defendant has no constitutional or statutory right to appointment of counsel in the prosecution of a compassionate release motion. See Coronado v. Ward, 517 F.3d 1212, 1218 (10th Cir. 2008) (no constitutional right to counsel beyond direct appeal of criminal conviction); see also United States v. Campos, 630 F. App'x 813, 816 (10th Cir. 2015) (right to counsel does not extend to § 3582(c)(2) motion). In determining whether to appoint counsel, the Court considers several factors including (1) the merit of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his or her
(continued . . .)

## Factual Background

On May 11, 2009, a jury found defendant guilty of conspiracy to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 18 U.S.C. § 2 and 21 U.S.C. § 846 (Count 1), possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and 18 U.S.C. § 2 (Count 2) and making a residence available for storing, using and distributing methamphetamine in violation of 21 U.S.C. § 856(a)(2) and 18 U.S.C. § 2 (Count 3).

At sentencing, the Court attributed at least 1.5 kilograms of actual methamphetamine to defendant for a base offense level of 38 under Section 2D1.1(c)(1) of the United States Sentencing Guidelines ("U.S.S.G.").   The Court applied a two-level enhancement because defendant possessed a firearm and a two-level enhancement because the offense involved importation of methamphetamine from Mexico.   Based on a total offense level of 42 and a criminal history

---

[1](. . .continued)
claims; and (4) the complexity of the claims involved.   See Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991).   Applying these factors, defendant is not entitled to counsel.   As explained below, defendant's claim lacks merit.   In addition, defendant's claim for compassionate release is not particularly complex factually or legally.   Finally, defendant appears able to adequately present his claim.   For these reasons, the Court overrules defendant's request for counsel.

Defendant also requests that the Court seal his Proposed Release Plan (Doc. #255-1).   In determining whether documents should be sealed, the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the parties.   Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011).   The party seeking to overcome the strong presumption of public access must show that countervailing interests heavily outweigh the public interest in access to court proceedings and documents.   United States v. Bacon, 950 F.3d 1286, 1293 (10th Cir. 2020). The proposed release plan form is largely uncompleted and contains no protected personal identifying information or any information specific to defendant.   Defendant has not explained specifically how any interest in non-disclosure of the extremely limited information on the form "heavily outweighs" the public interest in open courts.   Id.   The Court therefore overrules his request to seal the proposed release plan.

category I, defendant's guideline range was 360 months to life in prison.   On December 2, 2009,

the Court sentenced defendant to 360 months in prison.   Defendant appealed.   On February 14,

2011, the Tenth Circuit affirmed.   See Order And Judgment (Doc. #178).

On February 9, 2015, under 18 U.S.C. § 3582(c)(1)(A) and Amendment 782 to the

Sentencing Guidelines, the Court reduced defendant's sentence to 292 months in prison.

Defendant currently is confined at FCI Elkton, a Bureau of Prisons ("BOP") facility in

Lisbon, Ohio.   With good time credit, defendant's projected release date is May 22, 2028.

Defendant is a citizen of Mexico and is subject to a detainer from the Bureau of Immigration and

Customs Enforcement ("ICE").

On July 14, 2023, defendant filed a motion for compassionate release.   Defendant seeks

release because of (1) his health conditions and the risk of severe illness or death if he contracts

COVID-19, (2) sentencing disparity with co-defendants, (3) his youth at the time of the offense

and (4) his rehabilitation.

## Analysis

A federal district court may modify a defendant's sentence only where Congress has

expressly authorized it to do so.   See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d

945, 947 (10th Cir. 1996).   Congress has set forth only three limited circumstances in which a

court may modify a sentence: (1) upon motion of the BOP Director or defendant under

Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35" of the Federal

Rules of Criminal Procedure; and (3) when defendant has been sentenced "based on a sentencing

range that has subsequently been lowered by the Sentencing Commission."   18 U.S.C. § 3582(c).

Under the First Step Act of 2018, 132 Stat. 5194, the Court may order compassionate release for

"extraordinary and compelling reasons."   18 U.S.C. § 3582(c)(1)(A)(i).[2]

The Court may grant compassionate release if defendant establishes that (1) extraordinary and compelling reasons warrant a reduced sentence, (2) a reduced sentence is consistent with applicable Sentencing Commission policy statements and (3) Section 3553(a) factors warrant a reduced sentence.   18 U.S.C. § 3582(c)(1)(A); United States v. Maumau, 993 F.3d 821, 831 (10th Cir. 2021); United States v. McGee, 992 F.3d 1035, 1042–43 (10th Cir. 2021).   The Sentencing Commission has not issued an "applicable" policy statement for motions for compassionate release filed by defendants.   Maumau, 993 F.3d at 837; McGee, 992 F.3d at 1050.   Until the Sentencing Commission issues and Congress approves such a policy statement, the second requirement does not apply.[3]   See United States v. Warren, No. 11-20040-01-WPJ, 2021 WL 1575226, at *2 (D. Kan. Apr. 22, 2021).   Accordingly, the Court evaluates only the first and third requirements.

## I.   Extraordinary And Compelling Reasons For Release

The Court has discretion to independently determine whether defendant has shown "extraordinary and compelling reasons" that warrant release.   See McGee, 992 F.3d at 1044,

---

[2]   The Court may entertain requests for compassionate release only upon a motion of the BOP or of defendant after she submits a request to the BOP and the earlier of (1) when she "fully exhaust[s] all administrative rights to appeal" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."   18 U.S.C. § 3582(c)(1)(A).   Here, the government concedes that defendant has exhausted administrative remedies.   Government's Response To Defendant's Motion For Compassionate Release (Doc. #260) filed August 30, 2023 at 4.

[3]   On April 27, 2023, the United States Sentencing Commission submitted to Congress a proposed amendment to U.S.S.G. § 1B1.13, which is the policy statement that applies to motions for compassionate release.   See Federal Register Notice of Amendment Submission, Issue for Comment, available at https://www.ussc.gov/policymaking/federal-register-notices/federal-register-notice-submission-2023-amendments-congress (last visited October 25, 2023).   Absent congressional action to the contrary, the proposed amendment will go into effect on November 1, 2023.

1048.  In this context, "extraordinary" means "exceptional to a very marked extent."  United States v. Ford, 536 F. Supp. 3d 848, 853 (D. Kan. 2021) (quotations and citations omitted). "Compelling" means "tending to convince . . . by forcefulness of evidence."  Id.  While the Sentencing Commission definition of extraordinary and compelling reasons for BOP motions is not controlling, the Court considers that definition in ruling on defense motions.  See United States v. Carr, 851 F. App'x 848, 853 (10th Cir. 2021) (district court has discretion to consider definition of extraordinary and compelling reasons in Section 1B1.13 application notes); see also United States v. Hald, 8 F.4th 932, 938 (10th Cir. 2021) (while policy statement does not restrict district court discretion, "it would hardly be an abuse of discretion for a district court to look to the present policy statement for guidance"), cert. denied, 142 S. Ct. 2742 (2022).  For BOP motions, the Sentencing Commission has identified four reasons that may constitute grounds for compassionate release: (1) defendant's medical condition; (2) defendant's age; (3) defendant's family circumstances; and (4) a catchall category for an "extraordinary and compelling reason other than, or in combination with," the first three categories.  U.S.S.G. § 1B1.13, Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement), cmt. n.1 (Nov. 2018).

Defendant seeks release because of (1) his health conditions and the risk of severe illness or death if he contracts COVID-19, (2) sentencing disparity with co-defendants, (3) his youth at the time of the offense and (4) his rehabilitation.

A.    Medical Conditions And COVID-19

Defendant states that various "medical issues" constitute an extraordinary and compelling reason for release.  Motion For Sentence Reduction (Doc. #255) at 4.  In his administrative request, defendant asserted that his medical conditions made him vulnerable to the dangers of

COVID-19.   See Inmate Request To Staff (Doc. #260-3) filed August 30, 2023 at 2.   Neither defendant's motion nor his administrative request identify any medical issues or conditions that make him more vulnerable to the dangers of COVID-19 or otherwise establish extraordinary and compelling reasons for a reduced sentence.   At age 36, defendant is young.   BOP medical records do not indicate that he is suffering from any illness or disease, and certainly not one that makes him more vulnerable to the dangers of COVID-19.[4]   Defendant has not shown that compared to release subject to an ICE detainer, he faces a heightened or imminent risk of exposure to COVID-19 at FCI Elkton.   See United States v. Wright, No. CR-TDC-17-0388, 2020 WL 2571198, at *3 (D. Md. May 21, 2020) (inmate must show imminent risk of exposure to COVID-19 and high risk for death or serious illness should he or she contract COVID-19 based on age, medical conditions or other factors).   In sum, defendant has not established that his health conditions and the risk of a COVID-19 collectively is an extraordinary and compelling reason for release.

B.      Sentence Disparity

Defendant argues that extraordinary and compelling reasons exist because of the "disparity" of his sentence, presumably relative to his co-defendants.   Under the United States Sentencing Guidelines and various factors under 18 U.S.C. § 3553(a), the Court imposed the sentences for all defendants based on the guideline ranges.   The guideline ranges reflect the relative culpability and criminal history of each defendant.   The Court balanced the various factors under Section 3553(a) in light of each defendant's unique circumstances.   While defendant

---

[4]      Defendant filed a motion for an order to direct the government to produce his medical records.   See Motion For An Order Directing The Government To Procure/Produce Petitioner's Medical Records And Additional Medical Information (Doc. #257).   Because the government attached defendant's BOP medical records as Exhibit A to the Government's Response To Defendant's Motion For Compassionate Release (Doc. #260), the Court overrules defendant's request as moot.

ultimately received a higher sentence than his co-defendants, he chose to proceed to trial and he was more significantly involved in the methamphetamine conspiracy than his co-defendants. On direct appeal, the Tenth Circuit reached substantially the same conclusion. See Order And Judgment (Doc. #178) at 11–12 (defendant "more than drug courier" and had significant involvement in conspiracy; disparity between sentences explained because defendant did not cooperate or plead guilty and he displayed disparate level of involvement in conspiracy). At sentencing, defendant—like all defendants—had the opportunity to argue that based on his unique circumstances, the Court should not apply the calculated guideline range. Defendant has not established that the disparity between his sentence and the sentences of his co-defendants is an extraordinary and compelling reason for release.

C.    Age At Time Of Offense

Defendant argues that his relative youth when he committed the offense constitutes an extraordinary and compelling reason for release. In some circumstances, a defendant's young age at the time of the offense combined with other factors can warrant compassionate release. See Maumau, 993 F.3d at 837 (affirming relief because district court conducted "individualized review of all" circumstances of case and determined "combination of factors" warranted relief, including young age at time of sentencing, incredible length of stacked mandatory sentences and change in law). Defendant committed the instant offenses when he was relatively young (age 21). Defendant has not shown, however, how this fact in combination with all of the circumstances of this case is an extraordinary and compelling reason for release.

D.    Rehabilitation

Defendant argues that his rehabilitation warrants compassionate release. Rehabilitation alone is not an extraordinary and compelling reason for relief. See 28 U.S.C. § 994(t) (while

Sentencing Commission shall issue policy statements on what constitutes reasons for sentence reduction, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). Defendant has taken a number of classes and made some progress toward rehabilitation. [5] Even so, defendant's rehabilitation efforts in combination with the factors discussed above do not constitute an extraordinary and compelling reason for a reduced sentence.

## II.    Section 3553(a) Factors

Even if defendant could somehow show that his various stated grounds for relief collectively constitute "extraordinary and compelling" reasons for release, the Court would deny relief after considering the factors under 18 U.S.C. § 3553. The Court considers the nature and circumstances of the offense, defendant's personal history and characteristics, the purposes of sentencing including the need to protect the public from further crimes of the defendant, any threat to public safety and the need to avoid unwanted sentence disparities among defendants with similar records who are convicted of similar conduct. See 18 U.S.C. § 3553(a). A sentence of time served—which is approximately 216 months including good time credit—is inconsistent with the seriousness of defendant's offense, defendant's personal history and characteristics, the need for deterrence and the need to protect the public.

Defendant committed a significant drug trafficking offense. As part of the offense

---

[5]    Defendant asks the Court to direct the government to produce his "post-rehabilitation documents." Motion For An Order Directing The Government To Procure/Produce Petitioner's Post-Rehabilitation Documents (Doc. #256). The government attached defendant's Individualized Needs Plan – Program Review as Exhibit B to the Government's Response To Defendant's Motion For Compassionate Release (Doc. #260). Because the BOP Program Review document includes a summary of education courses, discipline history and other information relevant to defendant's rehabilitation, the Court overrules as moot his request for "post-rehabilitation documents."

conduct, defendant was responsible for at least 1.5 kilograms of actual methamphetamine and possessed a firearm.   A reduction of defendant's sentence to time served would reflect a significant disparity from his current sentence of 292 months, which is the low end of the relevant guideline range.   Defendant has completed more than half his sentence, has no recent disciplinary incidents and made some progress toward rehabilitation.   Even so, on balance, the factors under Section 3553(a) do not support a reduced sentence.

In sum, defendant has not shown "extraordinary and compelling" reasons for a reduced sentence and the factors under Section 3553(a) do not support a reduced sentence.   The Court therefore overrules defendant's motion for compassionate release.

**IT IS THEREFORE ORDERED** that defendant's Motion For Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release Or Sentence Reduction) (Doc. #255) filed July 14, 2023 is **OVERRULED**.   **The Court also overrules defendant's request to seal his Proposed Release Plan (Doc. #255-1).**

**IT IS FURTHER ORDERED** that defendant's Motion For An Order Directing The Government To Procure/Produce Petitioner's Post-Rehabilitation Documents (Doc. #256) filed July 14, 2023 is **OVERRULED as moot**.

**IT IS FURTHER ORDERED** that defendant's Motion For An Order Directing The Government To Procure/Produce Petitioner's Medical Records And Additional Medical Information (Doc. #257) filed July 14, 2023 is **OVERRULED as moot**.

Dated this 30th day of October, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge