IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | No. 08-20106-01-KHV |
| CARLOS GUADALUPE BELTRAN-AGUILAR, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On December 2, 2009, the Court sentenced defendant to 360 months in prison. On February 9, 2015, under 18 U.S.C. § 3582(c)(2), the Court reduced defendant's sentence to 292 months in prison. This matter is before the Court on defendant's pro se Motion For Sentence Reduction Under 18 U.S.C. § 3582(c)(2) And U.S.S.G. § 1B1.10, And Motion For Appointment Of Counsel (Doc. #262), his Motion For An Order Directing The Government To Procure/Produce Petitioner's Post-Rehabilitation Documents In Support Of 18 U.S.C. § 3582(c)(2) And U.S.S.G. § 1B1.10 [Motion] (Doc. #263) and his Motion For An Order Directing The Government To Procure/Produce Petitioner's Medical Records And Additional Medical In Support Of 18 U.S.C. § 3582(c)(2) And U.S.S.G. § 1B1.10 [Motion] (Doc. #264), all filed November 21, 2023. For reasons stated below, the Court dismisses defendant's Section 3582(c)(2) motion and overrules his other motions.

Initially, defendant asks the Court to appoint counsel to assist him with his motion. On November 28, 2023, the Office of the Federal Public Defender notified the Court that it does not intend to enter an appearance to represent defendant. Defendant has no constitutional or statutory right to appointment of counsel in the prosecution of a Section 3582(c)(2) motion. See Coronado

v. Ward, 517 F.3d 1212, 1218 (10th Cir. 2008) (no constitutional right to counsel beyond direct appeal of criminal conviction); see also United States v. Campos, 630 F. App'x 813, 816 (10th Cir. 2015) (right to counsel does not extend to § 3582(c)(2) motion).   In determining whether to appoint counsel, the Court considers several factors including (1) the merit of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his or her claims; and (4) the complexity of the claims involved.   See Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991).   Applying these factors, the Court declines to appoint counsel.   As explained below, defendant's claim lacks merit.   In addition, defendant's claim is not particularly complex, factually or legally.   Finally, defendant appears able to adequately present his claim.   For these reasons, the Court overrules defendant's request for counsel.

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so.   See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996).   Defendant seeks relief under Section 3582(c)(2), which permits the Court to reduce a sentence if defendant has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."   18 U.S.C. § 3582(c).   To obtain relief under Section 3582(c)(2), defendant must overcome three distinct hurdles: (1) under the statute's "based on" clause, defendant must show he was sentenced based on a guideline range the Sentencing Commission lowered after his sentencing; (2) under the statute's "consistent with" clause, defendant must show that his request for a sentence reduction is consistent with the Commission's policy statements; and (3) defendant must convince the district court that he is entitled to relief in light of the sentencing factors in Section 3553(a).   United States v. C.D., 848 F.3d 1286, 1289–90 (10th Cir. 2017).   Under Tenth Circuit precedent, the first hurdle is jurisdictional.   Id. at 1289; see United States v. Mata-Soto,

No. 22-3012, 2022 WL 2128429, at *1 (10th Cir. June 14, 2022).  But cf. United States v. Hald, 8 F.4th 932, 943 (10th Cir. 2021) (noting apparent tension between C.D. and recent Supreme Court precedent), cert. denied, 142 S. Ct. 2742 (2022).

Defendant argues that he is entitled to relief under Section 3582(c)(2) because Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G.") reduces the total offense level for certain defendants with zero criminal history points.  The United States Sentencing Commission voted to apply the amendment retroactively to offenders who are currently incarcerated.  U.S.S.G. § 1B1.10(d).  Defendant has zero criminal history points.  See Amended Presentence Investigation Report (Doc. #122) filed September 16, 2009, ¶ 59.  Defendant is not eligible for relief under Amendment 821, however, because he possessed a firearm in connection with the offense.  See U.S.S.G. § 4C1.1(a)(7) (adjustment for certain zero-point offenders applies only if defendant did not possess firearm or other dangerous weapon in connection with offense); Amended Presentence Investigation Report (Doc. #122), ¶ 47 (imposing two-level enhancement under U.S.S.G. § 2D1.1(b)(1) because officers discovered 9mm handgun in defendant's residence along with other items utilized for conspiracy to distribute methamphetamine).  Accordingly, the Court dismisses defendant's motion to reduce sentence.  Because defendant is not eligible for relief, the Court overrules as moot his motions for the government to produce certain documents in support of his motion to reduce sentence.

**IT IS THEREFORE ORDERED** that defendant's pro se Motion For Sentence Reduction Under 18 U.S.C. § 3582(c)(2) And U.S.S.G. § 1B1.10 (Doc. #262-1) filed November 21, 2023 is **DISMISSED** and defendant's Motion For Appointment Of Counsel (Doc. #262-2) filed November 21, 2023 is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's pro se Motion For An Order Directing

The Government To Procure/Produce Petitioner's Post-Rehabilitation Documents In Support Of 18 U.S.C. § 3582(c)(2) And U.S.S.G. § 1B1.10 [Motion]</u> (Doc. #263) filed November 21, 2023 is **OVERRULED as moot**.

**IT IS FURTHER ORDERED** that defendant's pro se <u>Motion For An Order Directing The Government To Procure/Produce Petitioner's Medical Records And Additional Medical In Support Of 18 U.S.C. § 3582(c)(2) And U.S.S.G. § 1B1.10 [Motion]</u> (Doc. #264) filed November 21, 2023 is **OVERRULED as moot**.

Dated this 21st day of December, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
