IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CARLOS BELTRAN-AGUILAR, | ) |
| | ) |
| Defendant. | ) |
| | ) |

CRIMINAL ACTION

No. 08-20106-01-KHV

## MEMORANDUM AND ORDER

On December 2, 2009, the Court sentenced defendant to 360 months in prison. On February 9, 2015, under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines, the Court reduced defendant's sentence to 292 months in prison. On October 30, 2023, the Court overruled defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). See Memorandum And Order (Doc. #261). On December 21, 2023, the Court overruled defendant's motion for a reduced sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines. See Memorandum And Order (Doc. #266). This matter is before the Court on defendant's pro se Motion For Sentence Reduction Under 18 U.S.C. § 3582, et seq. And USSG 1B1.10(3) (Pursuant To Amendment 821 – Downward Adjustment; Amendment 814) And Motion For Appointment Of Counsel (Doc. #271), his Motion For An Order Directing The Government To Procure/Produce Petitioner's Post-Rehabilitation Documents (Doc. #272) and his Motion For An Order Directing The Government To Procure/Produce Petitioner's Medical Records And Additional Medical Information (Doc. #273), all filed April 25, 2024. For reasons stated below, the Court dismisses defendant's motion to reduce sentence to the

extent it seeks relief under 18 U.S.C. § 3582(c)(2) and otherwise overrules defendant's motions.[1]

**Factual Background**

On May 11, 2009, a jury found defendant guilty of conspiracy to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 18 U.S.C. § 2 and 21 U.S.C. § 846 (Count 1), possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and 18 U.S.C. § 2 (Count 2) and making a residence available for storing, using and distributing methamphetamine in violation of 21 U.S.C. § 856(a)(2) and 18 U.S.C. § 2 (Count 3).

At sentencing, the Court attributed at least 1.5 kilograms of actual methamphetamine to defendant for a base offense level of 38 under Section 2D1.1(c)(1) of the United States Sentencing Guidelines ("U.S.S.G."). The Court applied a two-level enhancement because defendant possessed a firearm and a two-level enhancement because the offense involved importation of methamphetamine from Mexico. Based on a total offense level of 42 and a criminal history category I, defendant's guideline range was 360 months to life in prison. On December 2, 2009,

---

[1]     Defendant asks the Court to appoint counsel to assist him with his motions. On July 26, 2024, pursuant to District of Kansas Standing Order No. 20-8, the Office of the Federal Public Defender notified the Court that it does not intend to enter an appearance to represent defendant. Defendant has no constitutional or statutory right to appointment of counsel in the prosecution of a compassionate release motion or motion to reduce sentence based on a retroactive sentencing amendment. See Coronado v. Ward, 517 F.3d 1212, 1218 (10th Cir. 2008) (no constitutional right to counsel beyond direct appeal of criminal conviction); see also United States v. Campos, 630 F. App'x 813, 816 (10th Cir. 2015) (right to counsel does not extend to § 3582(c)(2) motion). In determining whether to appoint counsel, the Court considers several factors including (1) the merit of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his or her claims; and (4) the complexity of the claims involved. See Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991). Applying these factors, defendant is not entitled to counsel. As explained below, defendant's claims lack merit. In addition, defendant's claims are not particularly complex factually or legally. Finally, defendant appears able to adequately present his claims. For these reasons, the Court overrules defendant's request for counsel.

the Court sentenced defendant to 360 months in prison.  Defendant appealed.  On February 14, 2011, the Tenth Circuit affirmed.  See Order And Judgment (Doc. #178).

On February 9, 2015, under 18 U.S.C. § 3582(c)(1)(A) and Amendment 782 to the Sentencing Guidelines, the Court reduced defendant's sentence to 292 months in prison.

On October 30, 2023, the Court overruled defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  See Memorandum And Order (Doc. #261).  On December 21, 2023, the Court overruled defendant's motion for a reduced sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines.  See Memorandum And Order (Doc. #266).

Defendant currently is confined at FCI Elkton, a Bureau of Prisons ("BOP") facility in Lisbon, Ohio.  With good time credit, defendant's projected release date is May 22, 2028.  Defendant is a citizen of Mexico and is subject to a detainer from the Bureau of Immigration and Customs Enforcement.

On April 25, 2024, defendant filed a motion for compassionate release.  Defendant seeks release because (1) he has served more than half of his sentence, (2) he received an unusually long sentence and (3) he has shown rehabilitation in prison.  Defendant also seeks a reduced sentence under 18 U.S.C. § 3582(c)(2) and Sentencing Amendment 821.

## Analysis

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so.  See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996).  Congress has set forth only three limited circumstances in which a court may modify a sentence: (1) upon motion of the BOP Director or defendant under Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35" of the Federal Rules of Criminal Procedure; and (3) when defendant has been sentenced "based on a sentencing

range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c).

Under the First Step Act of 2018, the Court may order compassionate release for "extraordinary

and compelling reasons."  18 U.S.C. § 3582(c)(1)(A)(i).

## I.     Relief Under Compassionate Release Statute

The Court may grant compassionate release if defendant establishes that (1) extraordinary

and compelling reasons warrant a reduced sentence, (2) a reduced sentence is consistent with

applicable Sentencing Commission policy statements and (3) Section 3553(a) factors warrant a

reduced sentence.  18 U.S.C. § 3582(c)(1)(A); United States v. Maumau, 993 F.3d 821, 831 (10th

Cir. 2021); United States v. McGee, 992 F.3d 1035, 1042–43 (10th Cir. 2021).  On November 1,

2023, the Sentencing Commission issued an applicable policy statement for motions for

compassionate release filed by defendants.  U.S.S.G. § 1B1.13(b), Reduction In Term Of

Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement).  Under the policy statement,

the Sentencing Commission has determined that extraordinary and compelling reasons exist if

defendant establishes any one or combination of the following circumstances: (1) he has certain

medical conditions; (2) he is at least 65 years old and has experienced a serious deterioration in

health; (3) he has family circumstances which require him to act as a caregiver; (4) he was a victim

of sexual or physical abuse by or at the direction of a correctional officer or other individual who

had custody of him; (5) any other circumstances or combination of circumstances that when

considered by themselves or together with any of the first four categories, are similar in gravity to

the circumstances described in those four categories; and (6) a change of law if defendant has

served ten years of an unusually long sentence and the change would produce a gross disparity

between the sentence being served and the sentence likely to be imposed today.  U.S.S.G.

§ 1B1.13(b)(1)–(6).

A.      Exhaustion Of Administrative Remedies

Initially, the government argues that the Court should dismiss defendant's motion because he did not exhaust administrative remedies.  Response Of The United States To Defendant's Second Motion For Compassionate Release (Doc. #274) filed May 7, 2024 at 3–4.  The Court may entertain requests for compassionate release only upon a motion of the BOP or of defendant after he submits a request to the BOP and the earlier of (1) when he "fully exhaust[s] all administrative rights to appeal" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."  18 U.S.C. § 3582(c)(1)(A).

The exhaustion requirement is a mandatory claims-processing rule.  See United States v. Hemmelgarn, 15 F.4th 1027, 1030–31 (10th Cir. 2021).  But cf. United States v. C.D., 848 F.3d 1286, 1289–90 (10th Cir. 2017) (under Section 3582(c)(2), requirement that defendant must show sentence "based on" guideline range Sentencing Commission subsequently lowered is jurisdictional).  Defendant must show that he "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf."  United States v. Akers, 855 F. App'x 465, 466 (10th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).  In contrast with judicially created exhaustion requirements, the Court lacks discretion to excuse defendant's failure to comply with a mandatory statutory requirement to exhaust administrative remedies.  Malouf v. SEC, 933 F.3d 1248, 1256 (10th Cir. 2019); see Ross v. Blake, 578 U.S. 632, 639–40 (2016) (exhaustion statutes like Prison Litigation Reform Act of 1995 establish mandatory exhaustion regimes, foreclosing judicial discretion).

Defendant has not responded to the government's contention that he has not filed a request for a reduced sentence with the warden at FCI Elkton.  Because defendant has not shown that he exhausted administrative remedies, and the government objects, the Court overrules his motion for

compassionate release.  See Hemmelgarn, 15 F.4th at 1030; see also United States v. Purify, No. 20-5075, 2021 WL 5758294, at *3 (10th Cir. Dec. 3, 2021) (if government raises exhaustion requirement, court must enforce it even if equities weigh in defendant's favor).

      B.    Extraordinary And Compelling Reasons For Release

Defendant seeks release because (1) he has served more than half of his sentence, (2) he received an unusually long sentence and (3) he has shown rehabilitation in prison.

### 1. Completion Of More Than Half His Sentence

Defendant argues that extraordinary and compelling reasons exist because he has served more than half his sentence.  Defendant has not shown, however, how this fact in combination with the circumstances of his case is an extraordinary and compelling reason or that this reason is similar in gravity to the circumstances identified in the first four categories of the applicable policy statement.  In sum, the fact that defendant has served more than half his sentence is not an extraordinary and compelling reason to reduce his sentence.

### 2. Unusually Long Sentence

Defendant asks the Court to reduce his sentence because he is serving an unusually long sentence.  An unusually long sentence by itself is insufficient to establish extraordinary and compelling reasons for a reduced sentence.  Instead, under the Sentencing Commission's policy statement, defendant must show that (1) he received an unusually long sentence, (2) he has served at least ten years of the term of imprisonment and (3) a change in law since sentencing would produce a gross disparity between the sentence being served and the sentence likely to be imposed today.  See U.S.S.G. § 1B1.13(b)(6).  Defendant has not shown that any changes in law created a gross disparity between his sentence of 292 months and the sentence likely to be imposed if he were resentenced today.  He therefore cannot show extraordinary and compelling reasons based

on the length of his sentence.

### 3.    Rehabilitation

Defendant argues that his rehabilitation warrants compassionate release.  Rehabilitation alone is not an extraordinary and compelling reason for relief.  See 28 U.S.C. § 994(t) (while Sentencing Commission shall issue policy statements on what constitutes reasons for sentence reduction, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").  Defendant has completed a number of classes and made some progress toward rehabilitation.[2]  Even so, defendant's rehabilitation efforts in combination with his other stated reasons do not constitute an extraordinary and compelling reason for relief, and certainly not one of similar gravity to the circumstances identified in the first four categories of the applicable policy statement.

In sum, defendant's stated reasons—alone and collectively—are not "extraordinary and compelling" within the meaning of the compassionate release statute.

### C.    Section 3553(a) Factors

 Even if defendant could somehow show that his stated grounds for relief collectively constitute "extraordinary and compelling" reasons for release, the Court would deny relief after considering the factors under 18 U.S.C. § 3553.  The Court considers the nature and circumstances

---

[2]        Defendant asks the Court to direct the government to produce his "post-rehabilitation documents" and medical records.  Motion For An Order Directing The Government To Procure/Produce Petitioner's Post-Rehabilitation Documents (Doc. #272); Motion For An Order Directing The Government To Procure/Produce Petitioner's Medical Records And Additional Medical Information (Doc. #273).  Defendant has not explained how such information is relevant to his compassionate release motion or his motion for a reduced sentence under Section 3582(c)(2).  As explained above, rehabilitation alone does not constitute extraordinary and compelling reasons for a reduced sentence.  Defendant also does not assert that his medical conditions warrant release.   The Court therefore overrules defendant's motions for post-rehabilitation documents and medical records.

of the offense, defendant's personal history and characteristics, the purposes of sentencing including the need to protect the public from further crimes of the defendant, any threat to public safety and the need to avoid unwanted sentence disparities among defendants with similar records who are convicted of similar conduct.  See 18 U.S.C. § 3553(a).

Less than one year ago, the Court determined that the Section 3553(a) factors do not support a reduced sentence.  Defendant has not shown any circumstances which alter this Court's prior conclusion.  A sentence of time served—which is approximately 237 months including good time credit—is inconsistent with the seriousness of defendant's offense, defendant's personal history and characteristics, the need for deterrence and the need to protect the public.  Defendant committed a significant drug trafficking offense.  As part of the offense conduct, defendant was responsible for at least 1.5 kilograms of actual methamphetamine and possessed a firearm.  A reduction of defendant's sentence to time served would reflect a significant disparity from his current sentence of 292 months, which is the low end of the relevant guideline range.  Defendant has completed more than half his sentence, has no noted disciplinary incidents and made some progress toward rehabilitation.  Even so, on balance, the factors under Section 3553(a) do not support a reduced sentence.

In sum, defendant has not shown "extraordinary and compelling" reasons for a reduced sentence and the factors under Section 3553(a) do not support a reduced sentence.  The Court therefore overrules defendant's motion for compassionate release.

## II.    Relief Under Sentencing Amendment 821

Defendant seeks relief under Section 3582(c)(2), which permits the Court to reduce a sentence if defendant has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."

18 U.S.C. § 3582(c)(2).  To obtain relief under Section 3582(c)(2), defendant must overcome three distinct hurdles: (1) under the statute's "based on" clause, defendant must show he was sentenced based on a guideline range the Sentencing Commission lowered after his sentencing; (2) under the statute's "consistent with" clause, defendant must show that his request for a sentence reduction is consistent with the Commission's policy statements; and (3) defendant must convince the district court that he is entitled to relief in light of the sentencing factors in Section 3553(a).  United States v. C.D., 848 F.3d 1286, 1289–90 (10th Cir. 2017).  Under Tenth Circuit precedent, the first hurdle is jurisdictional.  Id. at 1289.

Defendant argues that he is entitled to relief under Section 3582(c)(2) because Amendment 821 to the United States Sentencing Guidelines reduces the total offense level for certain defendants with zero criminal history points.  The Sentencing Commission voted to apply the amendment retroactively to offenders who are currently incarcerated.  U.S.S.G. § 1B1.10(d).  Defendant has zero criminal history points.  See Presentence Investigation Report (Doc. #122) filed September 16, 2009, ¶ 59.  Defendant is not eligible for relief under Amendment 821, however, because he possessed a firearm in connection with his offenses.  See U.S.S.G. § 4C1.1(a)(7) (adjustment for certain zero-point offenders applies only if "defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense"); Presentence Investigation Report (Doc. #122), ¶ 47 (applying two-level enhancement because 9mm handgun found in defendant's bedroom within same residence where agents seized $18,000 cash, 355.9 grams of a methamphetamine cutting agent and other items utilized within conspiracy to distribute methamphetamine).  Accordingly, to the extent defendant seeks relief under Section 3582(c)(2), the Court dismisses his motion.

**IT IS THEREFORE ORDERED** that defendant's <u>Motion For Sentence Reduction Under</u> <u>18 U.S.C. § 3582, et seq. And USSG 1B1.10(3) (Pursuant To Amendment 821 – Downward</u> <u>Adjustment; Amendment 814) And Motion For Appointment Of Counsel</u> (Doc. #271) filed April 25, 2024 is **OVERRULED to the extent that defendant seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) and is DISMISSED to the extent that he seeks a reduced sentence under  18 U.S.C. § 3582(c)(2)**.

**IT IS FURTHER ORDERED** that defendant's <u>Motion For An Order Directing The</u> <u>Government To Procure/Produce Petitioner's Post-Rehabilitation Documents</u> (Doc. #272) filed April 25, 2024 is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's <u>Motion For An Order Directing The</u> <u>Government To Procure/Produce Petitioner's Medical Records And Additional Medical</u> <u>Information</u> (Doc. #273) filed April 25, 2024 is **OVERRULED**.

Dated this 5th day of August, 2024 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge